UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.V. MINORITY COMPANY, INC.,

        Plaintiff,

v.

YRC, INC., d/b/a YRC FREIGHT, *et al*.,

        Defendants.
_____/

Case No. 2:19-cv-12544
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (ECF No. 22)**

This matter came before the Court for consideration of Defendants' motion for a protective order (ECF No. 22), Plaintiff's response in opposition (ECF No. 26), and Defendants' supplemental brief (ECF No. 34).[1] Judge Tarnow referred this motion to me for a hearing and determination. (ECF No. 24.) As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on July 22,

---

[1] The Court gave both parties leave to file supplemental briefs via text order on July 18, 2020; however, Plaintiff's supplemental brief (ECF No. 36) was stricken by subsequent text order on July 21, 2020, because it exceeded the Court's page limitation.

2020, at which counsel appeared and the Court entertained oral argument regarding the motion in question.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendants' motion for a protective order (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The May 18, 2020 requests for admission will not be enforced. (*See* ECF No. 22-5, PageID.829-862). In lieu of these, Plaintiff is permitted to serve fifteen requests for admission per Defendant (for a total of forty-five), plus an additional twenty requests for admission solely to establish the authenticity of the documents (for a cumulative total of sixty-five). This should encourage Plaintiff to focus its discovery on the most essential issues. Defendants are reminded that if they do not respond to these requests to admit in a timely fashion, they will be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). Defendants will also have to serve responses to the June 2, 2020 requests for admission on or before **August 12, 2020**, as these were not the subject of this motion for a protective order. Plaintiff does not need any more requests for admission beyond what this Court has permitted here.[2]

---

[2] There was some confusion at the hearing as to whether Plaintiff's first or second set of requests to admit were at issue, and about whether Defendants had already answered an extensive series of admission requests. However, the motion makes clear that the request for a protective order relates to the ones served on May 18, 2020, which was the first set. (*See* ECF No. 22, PageID.747.) And, upon further reflection, the Court is convinced that requiring Defendants to answer the June 2, 2020 requests for admission (the second set, totaling twenty-nine requests), in addition to the replacement set detailed above, is reasonable in light of the history of this case, the scope of discovery and proportionality. *See* Fed. R. Civ. P. 26(b)(1). Thus, the maximum cumulative number of requests to admit that will be permitted *across both* sets of requests is ninety-four.

- Defendants must produce whatever insurance policies and declaration sheets were in place at the time of the accident and when the claim was filed, including all such documents for Sedgwick Claims Management, Nationwide Insurance, Old Republic and Marsh USA, Inc., as referenced in Defendants' witness list, on or before **August 5, 2020**.  (*See* ECF No. 11, PageID.109.)

- The depositions of Defendant McIntosh and Supervisor Zuckett have been scheduled and are expected to go forward. Defendants shall also make Tamara Jalving and any 30(b)(6) witnesses available on or before **September 15, 2020**.  (*See* ECF No. 22-4, PageID.817.)  The Court notes, however, that Plaintiff is not limited to these depositions, and may take the full ten depositions to which it is entitled, if needed. Fed. R. Civ. P. 30(a)(2)(A)(i).

- Defendant McIntosh must answer the complaint, on or before **August 5, 2020**, or risk being held in default.

No costs, expenses or attorney fees are awarded, as neither side has prevailed in full.

**IT IS SO ORDERED.**

Dated: July 23, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE