UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.V. MINORITY COMPANY,
INC.,

          Plaintiff,

v.

YRC, INC., d/b/a YRC
FREIGHT, *et al*.,

          Defendants.
_____/

Case No. 2:19-cv-12544
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY FEES WITHIN ITS PARTIALLY RESOLVED SECOND MOTION TO COMPEL DISCOVERY (ECF No. 31) PURSUANT TO FED. R. CIV. P. 37(a)(5)**

This matter came before the Court for consideration of Plaintiff's second motion to compel discovery (ECF No. 31),[1] Defendants' response in opposition (ECF No. 40), and the parties' statements that the motion had been resolved with the exception of Plaintiff's request for attorney fees and costs. (ECF Nos. 48, 49). Judge Tarnow referred this motion to me for a hearing and determination. (ECF No. 35.) As a result of the COVID-19 pandemic, a hearing via Zoom technology

---

[1] Plaintiff initially filed this motion on June 3, 2020 (ECF No. 20), but it was stricken by the Court for failure to comply with E.D. Mich. Electronic Filing Policies and Procedures (EFPP) 19(b)(3). *See* Text-Only Order 06-04-20.

was held on September 10, 2020, at which counsel appeared and the Court entertained oral argument regarding Plaintiff's motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's request for attorney fees within its partially resolved motion to compel (ECF No. 31) is **GRANTED**. The Court finds, on the basis of the representations made by counsel in the motion papers and on the record, that Defendants' failure to provide signed and sworn responses to interrogatories in accordance with the Federal Rules of Civil Procedure for approximately six months after the Court initially ordered them to do so (ECF No. 16), necessitated Plaintiff's filing of the instant motion to compel. Indeed, Defendants provided signed and sworn responses only after Plaintiff filed the instant motion.

Accordingly, the Court **AWARDS** attorney fees to Plaintiff's counsel in the amount of $500, to be paid by Defendants on or before **Monday, September 21, 2020**. *See* Fed. R. Civ. P. 37(a)(5)(A) ( ("If the motion is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees." (emphasis added). In so doing, the Court finds very reasonable the $250/hour rate requested by Plaintiff's counsel, Stephen B. Foley, in light of his representations to the Court that he has practiced law for over forty years. However, the Court finds that Plaintiff's counsel is entitled to compensation for two hours of work related to the instant motion, rather than the 1.2 hours requested for the mere research and drafting done in connection with the initial filing (ECF No. 31), to account for his preparation of exhibits and for today's motion hearing, and his drafting of the one-page statement of partial resolution (ECF No. 48).[2]

**IT IS SO ORDERED.**

Dated: September 10, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).