UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.V. MINORITY COMPANY, INC.,

        Plaintiff,

v.

YRC, INC., d/b/a YRC FREIGHT, *et al*.,

        Defendants.
_____/

Case No. 2:19-cv-12544
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 42) AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE (ECF No. 45)

This matter came before the Court for consideration of: **(1)** Plaintiff's motion to compel discovery (ECF No. 42), Defendants' response in opposition (ECF No. 54), and the parties' joint list of unresolved issues (ECF No. 59); and **(2)** Defendants' motion for an order to show cause as to why non-parties Independent Claims Services, LLC (ICS) and B&W Cartage Company (B&W) should not be held in contempt (ECF No. 45), Plaintiff's response in opposition (ECF No. 53), Defendants' reply (ECF No. 55), and the parties' joint list of unresolved issues (ECF No. 59). Judge Tarnow referred these motions to me for a hearing and determination. (ECF Nos. 44 & 46.) As a result of the COVID-19 pandemic, a

hearing via Zoom technology was held on October 6, 2020, at which counsel appeared and the Court entertained oral argument regarding the motions.[1]

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 42) is **GRANTED IN PART** and **WITHDRAWN IN PART** as follows:

- For anyone identified as an expert witness on Defendants' current witness list, Defendants must produce the information and/or documents requested in **Request for Production 89** of Plaintiff's Second Request for Production of Documents (ECF No. 42-2, PageID.2146) on or before **Friday, November 6, 2020**.

- Defendants must also withdraw those expert witnesses identified on their current witness list but whom they no longer intend to call on or before **Friday, November 6, 2020**.

- All other matters related to the disclosure or discovery of expert testimony will be governed by Fed. R. Civ. P. 26(a)(2).

- In accordance with the representations made by Plaintiff's counsel on the record, those additional requests to compel production that were identified as the subject of this motion (ECF No. 42) have been **WITHDRAWN**.

- The Court awards no costs, neither party having prevailed in full, per Fed. R. Civ. P. 37(a)(5)(C), and it being clear to the Court that Plaintiff was not entitled to all of the relief it sought.

---

[1] Plaintiff's counsel entered his appearance for both ICS and B&W on the record and was directed by the Court to file his appearance through CM/ECF immediately following the hearing.

Additionally, Defendants' motion for an order to show cause (ECF No. 45) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The Court finds the subpoenas served upon ICS and B&W valid. There is no dispute ICS and B&W received the subpoenas, as each objected to the records requested therein. (ECF No. 45, PageID.2520-2521; ECF Nos. 45-6 & 45-7.) *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F.Supp.2d 752, 754 (E.D. Mich. 2011) ("The Court is persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort. The alternate means must be reasonably calculated to achieve actual delivery."). And to the extent, if at all, Defendants erred by not including witness fees with the initial subpoenas served upon ICS and B&W, that error has been cured. Counsel for ICS and B&W acknowledged on the record that the subsequently-mailed witness fee checks were received by ICS and B&W on October 1, 2020.

- Defendants may take the Fed. R. Civ. P.30(b)(6) deposition requested in the subpoena served upon ICS by **Tuesday, October 20, 2020**. Taking into consideration the scope of this case and the factors listed in Fed. R. Civ. P. 26(b)(1) related to proportionality, testimony may be taken for up to 3.5 hours as to all of the topics listed in the subpoena with the exception of the formation of and ownership interests for ICS, and the employment file of Andrew Gipe (ECF No. 45-2, PageID.2531-2532). Further, the documents to be produced by ICS at the deposition are limited to: (1) any and all documents related to GM claim number: B4-2017-016; (2) any and all bills of lading associated with the documents attached to the subpoena; (3) any and all agreements between ICS and Plaintiff which were in place at the time of this incident and during adjustment of the claim/loss; and (4) any and all claim files and claim notes regarding the accident related to the documents attached to the subpoena, including but not limited to any and all communications received by or sent from any person at ICS, pay logs, surveillance video and audio, claim information, photographs, accident investigation reports, incident reports, and

3

- property damage valuation information. (ECF No. 45-2, PageID.2532-2533.)

- Defendants may also take the Fed. R. Civ. P. 30(b)(6) deposition requested in the subpoena served upon B&W by **Tuesday, October 20, 2020**. The testimony may be taken for up to 3.5 hours as to all of the topics listed in the subpoena. And the documents to be produced by B&W at the deposition are limited to: (1) any and all documents related to GM claim number B4-2017-016; (2) any and all bills of lading associated with the documents attached to the subpoena; (3) any and all agreements between B&W and Plaintiff which were in place at the time of this incident and during adjustment of the claim/loss; (4) hours of service logs for the 2016 red Freightliner Cascadia VIN #: 3AKJ6ED58G5HK8517, for the seven days preceding November 7, 2017 and the day of; and (5) any and all claim files and claim notes regarding the accident related to the documents attached to the subpoena, including but not limited to any and all communications received by or sent from any person at B&W, pay logs, surveillance video and audio, claim information, photographs, accident investigation reports, and property damage valuation information. (ECF No. 45-4, PageID.2550-2551.)

- The Court awards no costs, as Plaintiff raised legal issues in opposition to the motion which necessitated determination; likewise, no basis for a contempt finding has been established, although the subpoenaed non-parties are compelled to provide discovery in accordance with the provisions and limitations of this Order.

Finally, on or before **Thursday, October 8, 2020**, Plaintiff must produce its full contract with General Motors Corp as it relates to the particular shipment of goods at issue.[2]

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

**IT IS SO ORDERED.**

Dated: October 7, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).