UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.V. MINORITY COMPANY, INC.,

        Plaintiff,

v.

YRC, INC., d/b/a YRC FREIGHT, *et al.*,

        Defendants.

_____/

Case No. 2:19-cv-12544
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO ADJOURN SCHEDULING ORDER DATES AND TO REQUEST A SETTLEMENT CONFERENCE (ECF No. 62), DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER (ECF No. 63), AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL CONTINUATION OF PLAINTIFF'S RULE 30(b)(6) DEPOSITION (ECF No. 64)</u>**

This matter came before the Court for consideration of: **(1)** Defendants' motion to adjourn scheduling order dates and to request a settlement conference (ECF No. 62), Plaintiff's response in opposition (ECF No. 70), Defendants' reply (ECF No. 81), and the parties' joint list of unresolved issues (ECF No. 84); **(2)** Defendants' motion for leave to file an amended answer (ECF No. 63), Plaintiff's response in opposition (ECF No. 71), Defendants' reply (ECF No. 79), and the parties' joint list of unresolved issues (ECF No. 84); and **(3)** Defendants' motion to

compel continuation of Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition (ECF No. 64), Plaintiff's response in opposition (ECF No. 69), Defendants' reply (ECF No. 80), and the parties' joint list of unresolved issues (ECF No. 84).  Judge Tarnow referred these motions to me for a hearing and determination.  (ECF No. 66.)  As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on November 17, 2020, at which counsel appeared and the Court entertained oral argument regarding the motions.  Upon consideration of the motion papers and oral argument, and *for all of the reasons stated on the record* by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Court rules as follows.

**A.     Defendants' Motion to Adjourn Scheduling Order Dates and to Request a Settlement Conference (ECF No. 62)**

Defendants' motion to adjourn scheduling order dates and to request a settlement conference (ECF No. 62) is **GRANTED IN PART** and **DENIED IN PART**.  To the extent Defendants request a settlement conference, the motion is **GRANTED**.  The settlement conference is hereby scheduled for **Thursday, March 4, 2021 at 1:30PM**, and the parties are advised to read and fully comply with my Practice Guidelines regarding settlement conferences prior to that date.  To the extent Defendants request an extension of the discovery deadline, the motion is **DENIED**.  Defendants have had nearly three years since first having notice of this truck accident, over 13 months since the filing of this lawsuit and a

2

full year of formal discovery since the scheduling conference (with two extensions) to seek information related to the value of the parts lost, but have failed to do so in a timely fashion. Moreover, the history of this case demonstrates ongoing undue delay by Defendants in discovery matters, even before the COVID-19 pandemic and the original March 3, 2020 discovery deadline (ECF No. 8), and their vague explanations about "scheduling conflicts" do not suffice as a good basis for granting the relief requested. (*See, e.g.,* ECF Nos. 16, 37 & 51; 6/4/20 Text-Only Order.) The Court finds no reason to reward Defendants' lack of diligence with an additional extension of discovery, which expired October 1, 2020 (ECF No. 23), two weeks prior to Defendants filing the instant motion.

Furthermore, Defendants' motion is not adequately briefed, and fails to make the connection as to how or why Plaintiff's alleged improper behavior at the plaintiff's Rule 30(b)(6) deposition has necessitated a general extension of discovery regarding information to be sought from non-parties or otherwise. The parties have litigated this matter far beyond what could possibly be justified by this relatively simple truck accident, in which one truck apparently veered off the traveled roadway and collided with another truck that was parked on the shoulder, leading to an alleged rejection of the latter's cargo by its paying customer (G.M.).

**B.     Defendants' Motion for Leave to File an Amended Answer (ECF No. 63)**

Defendants' motion for leave to file an amended answer is **DENIED** for the reasons stated on the record, including the highlighted ones that follow.

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

The Court finds both undue delay, as permitting Defendants to amend their answers as requested would greatly prejudice Plaintiff, and no good cause for such delay. "Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Defendants filed the instant motion on October 15, 2020, seeking leave to amend their answer to reflect that YRC Worldwide, Inc. (YRCW) did not own the truck at issue or have any connection to this claim (ECF No. 63, PageID.2766), well over a

4

year after admitting ownership in their answer (ECF No. 2, PageID.51, ¶ 8), and two weeks after the October 1, 2020 close of discovery (ECF No. 23).  And, Plaintiff filed its pending motion for summary judgment the very next day, meaning that it was in the very final hours of preparation when leave was first sought, relying on Defendant YRCW's admission of ownership (ECF No. 65, PageID.2842, ¶ 32), consistent with corroborating evidence of ownership contained in the police accident records (ECF No. 1-2, PageID.21, 27).  Plaintiff had almost certainly completed drafting its motion for summary judgment at the time Defendants filed the instant motion for leave to amend.  Additionally, Plaintiff's summary judgment motion relies upon the fact that YRCW employed Defendant McIntosh, the truck driver, based on YRCW's responses to requests to admit; yet at oral argument, YRCW told the Court that this key admission was also, somehow, "a mistake." (ECF Nos. 65, PageID. 2841, ¶ 27 & 65-8, PageID.2976, No. 60.)

    As Plaintiff's discovery strategy and motion for summary judgment have relied in large part on Defendants' admissions of ownership and employment relationship, and discovery closed two weeks before the instant motion was filed, the timing of Defendants' request to amend forecloses Plaintiff from further investigating the issue of ownership through discovery, greatly prejudicing Plaintiff.

Furthermore, Defendants' explanation not only fails to convince the Court that good cause existed for the delay, but demonstrates to the Court a complete lack of diligence in both investigating the ownership of the truck, and in bringing the issue to the Court's attention. Defendants assert in the instant motion that they learned of the ownership issue through the course of discovery at the deposition of *their own employee*, John Zuckett, in September 2020. But Defendants knew of the claims in this case a year or more before the lawsuit was filed, and diligence required Defendants' counsel to investigate and ascertain the ownership of the truck at issue prior to answering Plaintiff's complaint. They certainly did not have to wait a year to engage in informal discovery and interview their own employee *ex parte*. Further, Defendants admitted at oral argument that they learned that YRCW may not be the owner of the truck in January or February of 2020 when answering discovery requests, but continued to let stand their prior admissions of ownership and employment relationship, and then still took no action to revisit or correct their pleadings when the same counsel was ordered to file an answer on Defendant-McIntosh's behalf in July 2020 (ECF Nos. 37 & 39). Finally, Defendants' counsel acknowledged at the hearing a demonstrated lack of diligence on his part.

Although the Court is unable to discern whether Defendants have acted in bad faith or with dilatory motive by seeking leave to amend their answer at this late

juncture, there is at least the indication of such, with Defendants waiting until Plaintiff could no longer conduct discovery on the issue of ownership to file the instant motion.

Additionally, Defendants' request that the Court hold Plaintiff's motion for summary judgment in abeyance until they can adequately oppose the motion following the completion of depositions Plaintiff's counsel terminated early is **DENIED**, as Defendants requested this relief for the first time in their reply briefs for both this motion and their motion to adjourn the scheduling order. (ECF Nos. No. 79, PageID.3577-3578 & 81, PageID.3589.) *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for the first time in a reply brief are waived).

**C.    Defendants' Motion to Compel Continuation of Plaintiff's Rule 30(b)(6) Deposition (ECF No. 64)**

Finally, Defendants' motion to compel continuation of Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition (ECF No. 64) is **GRANTED IN PART** and **DENIED IN PART**, for the reasons stated on the record and for the highlighted ones that follow.

Defendants argue that Plaintiff failed to designate a proper Rule 30(b)(6) witness, and that Darius Granberry, Plaintiff's president and the individual identified as Plaintiff's Rule 30(b)(6) witness, could not answer many of the questions posed during the deposition, but have not properly supported either

7

argument by producing a copy of the Rule 30(b)(6) deposition notice.  Thus, the Court **DENIES** the motion on these bases.  The Court also disagrees with Defendants' argument that Mr. Granberry was unprepared for the deposition and **DENIES** the motion on that basis.  However, the Court finds some merit to Defendants' argument that Mr. Granberry impeded the deposition.  Accordingly, Defendants are permitted to re-submit, in written form under Fed. R. Civ. P. 31, those deposition questions Mr. Granberry refused to answer on the sole basis of his *own* objection (including but not limited to the questions and answers appearing on pages 12:3 through 13:13 of his deposition transcript (ECF No. 78, PageID.3541-3542) by **Tuesday, November 24, 2020**.  And the Court **ORDERS** that Plaintiff respond to those questions, under oath, by **Friday, December 4, 2020**.[1]  Further, the Court notes, based on its review of the Rule 30(b)(6) deposition transcript, that Plaintiff's counsel's use of speaking objections during the deposition in an effort to argue Plaintiff's case was not only inappropriate, but uncivil.  Nevertheless, as stated above, the Court cannot pass upon the substantive appropriateness of those objections without having the Rule 30(b)(6) deposition notice before it.

    Finally, the Court **DENIES** Defendants' request for sanctions under Fed. R. Civ. P. 30(d)(2), as Defendants have largely failed to support the instant motion, or

---

[1] The response time is extended from that given from the bench, due to the Thanksgiving holiday

meet their burden of demonstrating to the Court that they were prejudiced by Plaintiff's alleged abrogation, and awards no costs under Fed. R. Civ. P. 37(a)(5)(C), neither party having prevailed in full.[2]

**IT IS SO ORDERED.**

Dated: November 19, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).